UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERESA YOUNG ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:16-cv-01858 |
| v. ) | |
| ) | |
| NORTHLAND GROUP, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS.**

COMES NOW, the Plaintiff, Teresa Young, by and through her attorneys of record, and submits this Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings.  For the reasons stated below, Defendant Northland Group, ("Defendant") Motion for Judgment on the Pleadings should be denied because Plaintiff's Complaint properly asserts claims for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), for a debt collection phone call in which Defendant illegally sought protected information pertinent to debt collection after having notice of Plaintiff's representation by an attorney, in violation of FDCPA § 1692c(a)(2).

**PLAINTIFF'S STATEMENT OF RELEVANT FACTS**

On or about September 4, 2016, Defendant Northland Group, sent Plaintiff a debt collection letter attempting to collect an alleged debt balance of $861.51, allegedly stemming from Citibank N.A.  (Plaintiff's Pet. ¶ 10).  Defendant's September 4, 2016 letter listed a contact telephone number of 866-751-7033.  *Id.*  On or about September 22, 2016, Plaintiff called 866-751-7033 and spoke with Defendant.  (Plaintiff's Pet. ¶ 11).  During the September 22, 2016 phone call, Plaintiff informed Defendant that she was

represented by an attorney with regards to the alleged debt. (Plaintiff's Pet. ¶ 12). After Plaintiff informed Defendant that she was represented by an attorney, Defendant continued its debt collection attempt, asking Plaintiff for information pertinent to debt collection, specifically whether Plaintiff had retained counsel for bankruptcy purposes.

## STANDARD OF REVIEW

In deciding motions made under Fed. R. Civ. P. 12(c), Courts apply the same standard as that applicable to motions under Fed. R. Civ. P. 12(b)(6), accepting allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Scala v. Am. Airlines,* 249 F. Supp. 2d 176, 177 (D. Conn. 2003). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scala,* 249 F. Supp. 2d *at* 178. A party moving for judgment on the pleadings under Rule 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as a matter of law. *United States Fid. & Guar. Co. v. Tierney Assocs.*, 213 F. Supp. 2d 468, 469 (M.D. Pa. 2002). A motion to dismiss under Fed. R. Civ. P. 12(c) is designed to dispose of cases where material facts are not in dispute and judgment on merits can be rendered by looking to substance of pleadings and any judicially noticed facts. *Phillips Petroleum Co. v. Int'l Bhd. of Boilermakers, Local No. 682*, 251 F Supp 2d 1354, 1358 (S.D. Tex. 2003). The central issue is whether, in the light most favorable to plaintiff, the complaint states a valid claim for relief. *Id.*

**ARGUMENT**

Congress enacted the FDCPA "to eliminate abusive collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." FDCPA § 1692(e). Because the FDCPA is a remedial strict liability statute, courts construe its language broadly so as to effect its purpose to protect consumers. *See Brown v. Card Service Center*, 464 F.3d 450, 453 (3rd Cir. 2006); *Curtis v. Caine & Weiner Co.,* No. 4:15CV1721 CDP, 2016 U.S. Dist. LEXIS 16102, at *5-6 (E.D. Mo. Feb. 10, 2016). "In expounding a statute, [the Court] must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *United States v. Bruguier,* 735 F.3d 754, 768 (8th Cir. 2013), *citing United States v. Heirs of Boisdoré,* 49 U.S. 113, 122 (1850).

I. **DEFENDANT NORTHLAND GROUP VIOLATED THE FDCPA BY CONTINUING GATHERING PERTINENT INFORMATION AFTER BEING NOTIFIED THAT PLAINTIFF WAS REPRESENTED BY AN ATTORNEY**.

The FDCPA 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt. *See* FTC Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50104 (1988). Once a debt collector is notified that a consumer has legal representation, the collector may only seek the attorney's contact information from the consumer before ending the call. *Hanks v. Valarity,* No. 4:14-CV-01433-JAR, 2015 U.S. Dist. LEXIS 53844, at *7 (E.D. Mo. Apr. 24, 2015), *citing Istre v. Miramed Revenue Grp., LLC,* No. 4:14 CV 1380 DDN, 2014

U.S. Dist. LEXIS 142189 at *2 (E.D. Mo. Oct. 7, 2014).  Absent the consumer's or the attorney's consent, ***all other subsequent communication with the consumer is prohibited***.  *Curtis,* No. 4:15CV1721 CDP, 2016 U.S. Dist. LEXIS 16102, at *4, *citing Robin v. Miller & Steeno, P.C.*, No. 4:13CV2456 SNLJ, 2014 U.S. Dist. LEXIS 102815, at *2 (E.D. Mo. July 29, 2014).

Another provision of the FDCPA highlights the importance of the 1692c(a)(2) attorney representation rule.  FDCPA § 1692e(11) provides that when communicating with a consumer, a debt collector must disclose that 1) it is a debt collector, 2) that it is attempting to collect a debt and, 3) ***that any information obtained will be used for that purpose.***  The 1692e(11) "mini-Miranda" warning tells a consumer that the debt collector can use information given by the debtor in the collection effort and allows the unwary debtor to exercise caution in his communication with the debt collector.  *Bohannon v. LVNV Funding, LLC,* 3:14CV354 JABJ, 2015 U.S. Dist. LEXIS 24976, at *10-11.  The construction of the FDCPA statutory provisions dictates that debt collectors may not obtain any information from a consumer known to be represented by an attorney other than the attorney's name and contact information.  Some information can be highly prejudicial and debt collectors should not be able to take advantage of unwary consumers by ignoring the fact that they are represented by an attorney.

In *Robin v. Miller & Steeno, P.C.,* this Court correctly concluded that continued questions and requests after notice of attorney representation violated the plain language of § 1692c(a)(2).  *Robin,* No. 4:13CV2456 SNLJ, 2014 U.S. Dist. LEXIS 102815, at *7 (E.D. Mo. July 29, 2014).  In *Robin,* the consumer informed the defendant that she had retained an attorney ***for bankruptcy***.  *Id (emphasis added).* This Court found no fault with

4

a further inquiry as to a case number for the bankruptcy, but assigned liability for the further collection communication after the notice of representation.  *Id.* at *7-8.

Defendant wrongly asserts that *Robin* allows for debt collectors to ask a represented consumer about the details of their bankruptcy.  Defendant's assertion that the *Robin* court classified the question as a "permissible business inquiry (*i.e.* a de minimum communication)" is incorrect.  The Court in *Robin* found no fault in asking for a bankruptcy case number ***after the consumer informed the debt collector her attorney was for bankruptcy***.  *Id (emphasis added).*  The consumer in *Robin* had disclosed, contemporaneously with the fact that she was represented by an attorney, the information that the attorney was for bankruptcy.  *Id.* at *2 ("I've got me a bankruptcy lawyer").  Thus, as the information that the consumer had an attorney ***for bankruptcy*** had already been disclosed, the Court found no fault with a follow-up question as to the bankruptcy case number.  *Id.* at *7 ("After being advised that plaintiff had a bankruptcy attorney with regard to the debt, the Court does not find fault with the inquiry as to a case number for the bankruptcy.")

The fact that a debtor may be filing for bankruptcy can be highly prejudicial as it may hasten any legal actions to collect a debt and may intensify debt collection efforts in order to obtain some payment on the debt.[1]  Debtors often speak with a bankruptcy attorney long before actually filing the bankruptcy petition.[2]  Plaintiff called the Defendant to obtain information needed for her to accurately list the debt on her bankruptcy petition and to find out how urgent the debt was, specifically, whether interest

---

[1] *See* SCOTT RIDDLE, *Should I Tell Creditors I Am Planning To File For Bankruptcy?,* GEORGIA BANKRUPTCY LAW NETWORK (2014), *available at* http://www.gabankruptcylawyersnetwork.com; MARPLE LAW, LLC, *Telling Creditors You Plan to File Bankruptcy,* (Oct. 10, 2016), *available at* http://www.marple-law.com/file-bankruptcy.
[2] RIDDLE*, supra.*

or fees were being assessed.  After she obtained this information, she was asked for her phone number, at which point she asked that all further contact be with her attorney, providing his information.  Unlike *Robin*, Plaintiff did not disclose that the attorney was for bankruptcy until ***after*** she provided the attorney contact information.  This prejudicial debt collection information should not have been requested by the debt collector of a party known to be represented by an attorney as it runs afoul of 1692c(a)(2) and it impinges upon the attorney-client relationship.

  Defendant also relies on the scant discussion of 1692c(a)(2) in *Bieber v. Associated Collection Services, Inc.,* which holds that a question about bankruptcy to a represented consumer was a "legitimate business inquiry … not so extensive as to have been the kind of additional "communication" prohibited by subsection c(a)(2)" apparently based entirely upon a self-serving affidavit provided by the debt collector's vice president stating its alleged business purpose. *See Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410, 1417 (D. Kan. 1986).  Under the faulty logic of the *Bieber* court, any additional communication with a consumer represented by an attorney is fine so long as it is a "legitimate business inquiry", notwithstanding the FDCPA's clear statutory language regarding debt collection communications and the collection of information from consumers.  The text of the FDCPA § 1692e(11) literally says that debt collectors are in the business of attempting to collect debts using information obtained for that business purpose.

  Thankfully, *Bieber* is not the law in the Eight Circuit, and it correctly points to what the law in the Eight Circuit is, stating, "it probably would have been a better practice for Defendant to have hung up the phone after learning plaintiffs were

6

represented by an attorney." *Bieber,* 631 F. Supp. at 1417. This is what the plain statutory language of 1692c(a)(2) requires, and it is the result that the cases in the Eight Circuit have reached. *See Hanks v. Valarity,* No. 4:14-CV-01433-JAR, 2015 U.S. Dist. LEXIS 53844, at *7 (E.D. Mo. Apr. 24, 2015), *citing Istre v. Miramed Revenue Grp., LLC,* No. 4:14 CV 1380 DDN, 2014 U.S. Dist. LEXIS 142189 at *2 (E.D. Mo. Oct. 7, 2014)("once notified that [debtor] has legal representation, [debt collector] may only ask for the attorney's contact information before ending the call.").

Because Defendant sought information pertinent to debt collection from a consumer known to be represented by an attorney, this Court should hold that Defendant violated the FDCPA 15 U.S.C. § 1692c(a)(2) as a matter of law.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny the Defendant's Motion for Judgment on the Pleadings and/or hold that, as a matter of law, Defendant Northland Group violated the FDCPA 15 U.S.C. § 1692c(a)(2).

**PONTELLO & BRESSLER**

  /s/ Dominic M. Pontello
DOMINIC M. PONTELLO. #60947
ISAAC J. BRESSLER, #66379
406 Boones Lick Rd
St. Charles, Missouri 63301
(636) 896-4170
(636) 246-0141 facsimile

*Attorneys for Plaintiff*

10951743v1 0979288

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon the following or by U.S. First Class Mail for parties not registered with CM/ECF, on this 3rd day of May, 2017:

**PITZER SNODGRASS, P.C.**
MICHAEL S. HAMLIN, #52972MO
100 SOUTH FOURTH STREET, SUITE 400
ST. LOUIS, MO 63102-1821
(314) 335-1330 (telephone)
Hamlin@pspclaw.com

*Attorney for Defendant*

                                                                       /s/ Dominic M. Pontello

10951743v1 0979288