UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERESA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16CV1858 HEA |
| ) | |
| NORTHAND GROUP, ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This action, brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, is before the Court on Defendant's Motion for Judgment on the Pleadings, [Doc. No. 16]. For the reasons set forth below, the Motion is denied.

## Facts and Background

It is undisputed that Defendant is a "debt collector" as that term is defined by the FDCPA. Plaintiff alleges that on September 4, 2016, Defendant sent Plaintiff a debt collection letter attempting to collect an alleged debt owed to Citybank, N.A. Plaintiff called the listed telephone number on September 22, 2016 to allegedly find out more information about the alleged debt. During the conversation, Plaintiff informed Defendant that she was represented by an attorney with regard to the alleged debt. After Plaintiff informed Defendant that she was

represented by counsel, Defendant asked Plaintiff for information, specifically asking whether Plaintiff had retained counsel for bankruptcy purposes.

In support of its motion for judgment on the pleadings, Defendant argues that, as a matter of law, its challenged conduct did not violate any of the sections of FDCPA Plaintiff cites. Defendant relies on a recent decision from this District, *Robin v. Miller & Steeno, PC*, 2014 WL 3734318 (E.D. Mo. 2014), in which the court allowed a further question regarding hiring counsel for bankruptcy, to wit, asking for a case number.

Plaintiff argues that *Robin* and her case are different because the debt collector in *Robin* merely asked for the bankruptcy number after Plaintiff had advised counsel was hired for bankruptcy proceedings. Here, Plaintiff never mentioned why she hired counsel. Defendant allegedly continued to inquire about why counsel had been retained. Plaintiff argues that this inquiring goes beyond Robin's holding.

## **Discussion**

In considering a motion for judgment on the pleadings, a court employs the same standard as that used to evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. The

Complaint's factual allegations must be sufficient to raise a right to relief above the speculative level, however, and the motion to dismiss must be granted if the Complaint does not contain enough facts to state a claim to relief that is plausible on its face. Furthermore, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Murphy v. Resurgent Capital Servs., L.P.*, No. 4:15CV506 JCH, 2015 WL 5124171, at *1 (E.D. Mo. Sept. 1, 2015) (citations omitted).

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, ... and debt collectors are liable for failure to comply with any provision of the Act." *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1000 (8th Cir. 2011) (citation omitted). The FDCPA is liberally construed to protect consumers. *Istre v. Miramed Revenue Grp., LLC*, No. 4:14CV1380 DDN, 2014 WL 4988201, at *2 (E.D. Mo. Oct. 7, 2014). The Act's prohibitions apply to collection efforts through litigation, but at the same time, the Act seeks to preserve the judicial remedies of creditors. *Hemmingsen v. Messerli & Kramer, P.A.,* 674 F.3d 814, 818 (8th Cir. 2012). The determination of whether a plaintiff states a claim under the FDCPA based on litigation conduct is best decided on a case-by-case basis. *Id.*, at 819.

Although Defendant argues that its inquiry was merely a permissible business inquiry, its question goes beyond merely asking a case number or contact information.  Its question was more substantive and reaching; it inquired into Plaintiff's intentions regarding the debt in question.  As Plaintiff points out, knowing whether Plaintiff was planning on filing bankruptcy could lead to a whole new avenue in its efforts to collect the debt.  Thus, whether the inquiry rises to the level of a violation must be determined by the trier of fact.

## **Conclusion**

Considering the allegations in the light most favorable to Plaintiff, the nonmoving party, and all reasonable inferences therefrom, judgment on the pleadings is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings, [Doc. No. 16], is **DENIED**.

Dated this 5th day of January, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE